Opinion issued June 9, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00199-CR

———————————

Jerrell Jerjuan Fultcher, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 209th District Court

Harris County, Texas



Trial Court Case No. 1154993

 



 

MEMORANDUM OPINION

          A
jury convicted appellant Jerrell Jerjuan Fultcher of murder and sentenced him to
thirty years’ imprisonment. On appeal, he asserts that the trial court erred in
overruling a motion to suppress his confession because police continued to
question him after he requested an attorney, in violation of his constitutional
rights.

Background

          Police arrested Fultcher for murder
and transported him to a magistrate judge who read him his rights. The judge
asked Fultcher if he understood his rights, and he replied that he did. The
police also gave Fultcher a written copy of the statutory warnings. Officer
Guerrero, the arresting officer, then escorted Fultcher to an interview room at
the precinct. After Fultcher indicated that he was hungry, Officer Guerrero
purchased fast food meals for himself and Fultcher, which they ate together in
the interview room. Officer Guerrero and Fultcher made small talk during the
meal, but they did not discuss Fultcher’s case. Near the end of the meal, Fultcher
stated that he wanted to talk to Officer Guerrero, but that he wanted an
attorney present. Officer Guerrero responded that he wanted to advise Fultcher
of his rights on tape, and activated a videotape recording device. Officer
Guerrero then read Fultcher his legal rights. Fultcher repeated his request for
counsel. Officer Guerrero terminated their discussion at that point and left
the room.

          After leaving the room, Officer
Guerrero went back to his desk and called a patrol unit to pick up Fultcher and
transport him to the jail. Officers Garcia and Andrade were dispatched to
transport Fultcher. Before they left, the transporting officers went into the
interview room to collect information, such as Fultcher’s name and birth date, for
transportation paperwork. Fultcher and the officers did not discuss Fultcher’s
case. When Officer Andrade asked Fultcher if he needed to use the restroom or
anything else before they left, Fultcher asked Officer Andrade to allow him to
speak with Officer Guerrero. Prior to Fultcher’s request, neither Officer
Garcia nor Officer Andrade raised the possibility of continuing Fultcher’s
interrogation. At the time of Fultcher’s request, approximately thirty minutes
had passed since Officer Guerrero left the interview room. Officer Andrade left
the room and informed Officer Guerrero of Fultcher’s request.

          Officer Guerrero returned to the
interview room and asked Fultcher what he wanted. Fultcher stated that he wanted
to talk to Officer Guerrero. Officer Guerrero agreed to speak with Fultcher and
turned the recorder back on. After turning on the recorder, Officer Guerrero
read Fultcher his rights again, and Fultcher responded that he understood his
rights. Officer Guerrero inquired whether Fultcher had been threatened or
coerced, and Fultcher responded that he had not. In his statement, Fultcher
admitted to committing the murder.

          Before his trial, Fultcher moved to
suppress his statement, asserting he made it involuntarily, that he was coerced,
and that the officers took his statement in violation of his right to counsel.
The trial court held two hearings on Fultcher’s motion to suppress, and it
heard testimony from Fultcher and Officers Guerrero and Andrade. The court
concluded that Fultcher’s statement was given voluntarily after he was advised
of and understood his rights. The court further concluded that the Officers
honored Fultcher’s request for counsel and did not interrogate him until after
he reinitiated communication with Officer Guerrero and freely and voluntarily
waived his right to counsel. On this basis, the trial court denied the motion
to suppress. It admitted the recorded statement into evidence at trial.

Admissibility of Fultcher’s
Statement

          A.      Applicable Law

 

The United States Supreme Court decision in Miranda v.
Arizona, 384 U.S. 436, 86
S. Ct. 1602 (1966), and article 38.22 of the Texas Code of Criminal Procedure
protect suspects subjected to custodial police questioning. Herrera v. State, 241 S.W.3d 520, 526 (Tex. Crim.
App. 2007) (stating that both article 38.22 and Miranda apply when
persons are in custody and being interrogated); Ervin v. State, 333
S.W.3d 187, 225–27 (Tex. App.—Houston [1st Dist.] 2010, pet. ref’d) (same). Under
Miranda and article 38.22, an accused
has a right to remain silent and to have an attorney present during custodial
interrogation; the accused must be informed of these rights before any
custodial interrogation. Miranda,
384 U.S. at 478–79, 86 S. Ct. at 1630 (interpreting Fifth and Fourteenth
Amendments of U.S. Constitution); Tex.
Code Crim. Proc. Ann. art. 38.22 (West 2005). After an individual is informed
of his rights, he may knowingly, intentionally and voluntarily waive his
rights. Miranda, 384
U.S. at 478–79, 86 S. Ct. at 1630; Tex.
Code Crim. Proc. Ann. art. 38.22. If the individual requests counsel,
the interrogation must cease until an attorney is present. Id. at 474, 86 S. Ct. at 1627. Once the individual has invoked his
right to have counsel present during custodial interrogation, a subsequent
waiver of that right cannot be established by showing that he responded to
further police-initiated interrogation; rather, a subsequent waiver of the
right to counsel is valid only if the accused initiates further communication
with the police. Edwards v. Arizona,
451 U.S. 477, 484–85, 101 S. Ct. 1880, 1884–85 (1981).

At the hearing on the motion to suppress, the State bore the
burden of demonstrating, by a preponderance of the evidence, that Fultcher
waived his rights knowingly, intelligently, and voluntarily. Joseph v. State, 309 S.W.3d 20, 24 (Tex.
Crim. App. 2010). Here, this must include a showing that Fultcher, rather than
the police, re-initiated communication after Fultcher requested counsel. See Edwards, 451 U.S. at 484–85, 101 S.
Ct. at 1884–85; Herron v. State, 86
S.W.3d 621, 628 (Tex. Crim. App. 2002) (observing that, under Miranda, interrogation must cease until
attorney is present if accused requests counsel but that Supreme Court recognized
in Edwards “that an accused could
waive his prior election by initiating further communication with the police.”).


In reviewing a trial court’s decision on the admission of a
confession, we defer to the trial court’s determination of historical facts
while reviewing the trial court’s application of law de novo. Johnson v.
State, 68 S.W.3d 644,
652–53 (Tex. Crim. App. 2002); Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). The trial court, as
the sole trier of fact, evaluates the credibility of the witnesses and
determines the weight to be given to their testimony. Wiede v. State, 214 S.W.3d 17, 24–25 (Tex. Crim. App.
2007). 

B.      Analysis

          The trial court’s findings do not
support Fultcher’s contention that the police took his statement in violation
of his right to an attorney. The trial court found that Officer Guerrero
terminated Fultcher’s interrogation after Fultcher requested counsel, that
Officers Andrade and Garcia did not interrogate Fultcher but only asked whether
Fultcher needed anything, and that Fultcher then reinitiated communication by
requesting to speak with Officer Guerrerro. The trial court also found that Fultcher
was read his rights multiple times and understood them, that Fultcher was never
threatened or coerced in any manner, and that the officers’ testimony at the
hearing was true and credible but Fultcher’s testimony was not. 

Fultcher does not challenge the trial court’s application of
the law but instead asserts that the trial court incorrectly concluded that Fultcher
reinitiated communication with the police. Fultcher and Officer Andrade gave
conflicting testimony as to how communication was reinitiated, and the trial
court resolved this factual dispute based on the credibility of each witness.
We defer to the trial court’s determination that the officers’ testimony was
more credible than Fultcher’s testimony. See Wiede, 214 S.W.3d at 24–25; State v. Ross, 32 S.W.3d 853, 855 (Tex.
Crim. App. 2000). Officer Andrade’s testimony supports the trial court’s
finding that Fultcher reinitiated communication. See Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990)
(“If the trial court’s findings of fact are supported by the record, an
appellate court is not at liberty to disturb them[.]”). 

Because the trial court found that Fultcher reinitiated
communication and then voluntarily, intelligently, and knowingly waived his
previously asserted right to counsel before making his statement, we hold that the
trial court did not abuse its discretion in admitting the statement at trial. See Herron, 86 S.W.3d at 629; Hunter v. State, 148 S.W.3d 526, 530
(Tex. App.—Houston [14th Dist.] 2004, pet. ref’d).

Conclusion

          We affirm the judgment of the trial
court.

                                                          

                                                                   Jane
Bland

                                                                   Justice                                                                  

 

Panel
consists of Justices Keyes, Higley and Bland.

Do not
publish.   Tex. R. App. P. 47.2(b).